Arthur C. LAUGHNER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23854.

United States Court of Appeals
Fifth Circuit.

Feb. 17, 1967.

Arthur C. Laughner, Pro Se.

Thomas M. Baumer, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, BELL and GOLDBERG, Circuit Judges.

TUTTLE, Chief Judge:

The district court has twice denied the motion made by appellant pursuant to 28 U.S.C.A. § 2255 to vacate his conviction for knowingly transporting a stolen motor vehicle in interstate commerce. The first denial was made without benefit of a hearing on the motion. On appeal therefrom this court concluded that the allegations respecting the inadequacy of the representation afforded appellant by his court-appointed counsel made necessary a factual judicial inquiry, and remanded the case for that purpose. Laughner v. United States, 360 F.2d 159 (5 Cir. 1966).

On remand, the district court heard testimony from appellant, and from the attorney who represented him at the time

of his conviction. On the basis of that testimony, the court again denied appellant's Section 2255 motion. This appeal followed.

■ We are met first with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this post-conviction proceeding with respect to the factual issues raised by appellant's motion. Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations. We are unable to subscribe to this proposition. The privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.[1]

There is no contention nor any indication in the record that the testimony elicited from the attorney in this case exceeded the scope of that waiver. Consequently, appellant's claim that his privilege was violated is baseless.

■ In his motion, appellant asserted that though he explained to counsel that he had rented the automobile which he was charged with transporting, and though counsel informed him that he had thus committed no crime, counsel advised him that the best thing to do was to enter a plea of guilty and allow the judge to dispose of the matter in his discretion. After hearing evidence on the matter, the district court determined that these allegations have no basis in fact. Instead, it found that appellant explained that he had rented the car in Pennsylvania for a limited period of time, that he had driven it to Savannah where he worked for a short time, and that later he had been picked up in Florida for speeding. Appellant insisted that since he had rented the car, it could not be stolen. His attorney, however, explained that keeping the car beyond the rental period could amount to theft, given the requisite intent, and that a jury might well find that intent present since appellant admitted having changed the license tags on the automobile. These findings are supported by the record, and they clearly refute appellant's allegations that he was improperly or inadequately advised by his court-appointed counsel.

■ At the hearing on appellant's motion, the contention was made that his plea of guilty was improperly accepted because the trial court failed to ascertain whether the plea was made with an understanding of the charge, as required by Rule 11 of the Federal Rules of Criminal Procedure. Counsel admitted that the record shows that the trial judge adequately assured himself that the plea was voluntarily made, informed appellant of the punishment he could receive, and explained the effect of the plea, but insisted that there was no showing that appellant understood the charge against him. Assuming arguendo the validity of this con-

---

1. The rule that a client waives his privilege by attacking the attorney's performance of his duties seems to have been adopted unanimously by those courts which have dealt with the question. E. g., Farnsworth v. Sanford, 115 F.2d 375 (5 Cir. 1940) (dictum), cert. denied, 313 U.S. 586, 61 S.Ct. 1109, 85 L.Ed. 1541 (1941); United States v. Wiggins, 184 F. Supp. 673, 677–78 (D.C.D.C.1960), and cases cited therein; United States v. Monti, 100 F.Supp. 209 (D.C.N.Y.1951). It also enjoys impressive scholarly support [see 8 Wigmore, Evidence, § 2327(6) (McNaughton rev. 1961)], has been adopted in the Uniform Rules of Evidence [Rule 26(2) (c)], and is approved by the American Bar Association's Canons of Professional Ethics [Canon 37].

**328**

tention, the non-compliance with Rule 11 is harmless, for the government clearly proved by the testimony of appellant's attorney that appellant was fully aware of the nature and elements of the offense with which he was charged at the time he entered his plea. See Domenica v. United States, 292 F.2d 483 (5 Cir. 1961); Rimanich v. United States, 357 F.2d 537 (5 Cir. 1966).

The district court correctly denied appellant's motion. Its judgment is

Affirmed.