**In re Frank Gale SMITH, Debtor.**

**Bankruptcy No. 81–01573–BKC–JAG.**

United States Bankruptcy Court,
S.D. Florida.

April 7, 1982.

Timothy J. Hmielewski, c/o Stover, Stoker, Medlin & Hmielewski, P.A., Ronald D. Poltorack, and Stephen W. Bazinsky, c/o

Walton, Lantaff, Schroeder & Carson, Raymond B. Ray, c/o Friedman, Britton, Cohen, Kaufman, Zinkow, Benson & Schantz, Fort Lauderdale, Fla., for estate of Rock.

Edgar Hamilton, c/o Hamilton, James, Merkle & Young, West Palm Beach, Fla., for debtor.

Herbert S. Freehling, Trustee.

Chad P. Pugatch, c/o Cooper, Shahady, et al., Fort Lauderdale, Fla., for trustee.

Frank Gale Smith, debtor.

## ORDER GRANTING CLAIMANT'S MOTION TO COMPEL ANSWERS

JOSEPH H. GASSEN, Bankruptcy Judge.

On December 28, 1981, this court entered its order for examination of the debtor pursuant to B.R. 205 (C.P. No. 9). That Rule 205 examination was held on January 8, 1982 pursuant to the order. A transcript of the examination has been filed herein (C.P. No. 11). (The examination has been erroneously referred to as a deposition by the parties in many instances rather than as a Rule 205 examination.)

At the Rule 205 examination the debtor refused to answer a number of questions put to him upon the advice of his attorney who stated that the debtor was invoking his attorney-client privilege. The creditor upon whose request the Rule 205 examination was held is E. Jane Rock, executrix of the estate of John H. Rock, deceased. This creditor has a judgment against the debtor in excess of $4,000,000 as a result of a state court wrongful death action filed by the creditor and completed prior to this bankruptcy case. As a matter of fact, it was the entry of such a large judgment against the debtor that caused the debtor to file this proceeding. Herbert S. Freehling, trustee in this case, has filed his report of no distribution (C.P. No. 5). The debtor has few other obligations and, therefore, E. Jane Rock is the creditor most affected by these proceedings.

At the Rule 205 examination the creditor was attempting to determine whether or not the trustee might have any chose in action against the liability insurance carrier that defended the wrongful death action on the basis of a bad faith refusal to settle within the insurance policy limits prior to the trial, and also whether or not the trustee might have a chose in action for malpractice against the insurance company lawyers who defended the debtor in that case. The attorney for the creditor asked a number of questions concerning communications and discussions between the debtor and his insurance company attorneys for the purpose of discovering whether there might be such choses in action. The debtor was instructed not to answer those questions and the questions were certified.

The creditor filed her motion to compel answers (C.P. No. 18) and the insurance company lawyers filed a memorandum of law in opposition to the motion to compel (C.P. No. 16). The debtor's refusal to answer was not based upon any fifth amendment privilege against self-incrimination but was based upon the alleged attorney-client privilege.

Argument on the motion to compel answers was heard on March 29, 1982. The court has considered the oral arguments made before it as well as the motion and memorandum in opposition. The creditor's position was argued by her attorney. The trustee and the trustee's attorney also appeared at the hearing and announced that the trustee joined in the creditor's motion and felt that the creditor and/or the trustee would be entitled to responses to the certified questions. The debtor's position was argued primarily by the insurance company lawyers who had defended him in the pre-bankruptcy wrongful death action. The debtor's attorney supported the argument made by these insurance lawyers. (The debtor's attorney in this case was recommended to the debtor and paid by the insurance company.)

The court concludes that the trustee and any creditor are entitled to ascertain whether the possibility of choses in action by the trustee against anyone whomsoever might exist which could result in recovery for this debtor-estate and in some dividend

to creditors. The issue before the court is: Does the attorney-client privilege insulate the debtor against answering the questions which he refused to answer at the Rule 205 examination? The authorities found by the court in its research on this question clearly indicate that it does not. Any attorney-client privilege which the debtor had passes by operation of law to the bankruptcy trustee. *In re O.P.M. Leasing Services, Inc.,* 13 B.R. 64 (S.D.N.Y.1981); *Citibank, N.A. v. Andros,* 666 F.2d 1192 (8th Cir.1981); and *In re Blier Cedar Co., Inc.,* 10 B.R. 993 (Bkrtcy.Me.1981). Hence, the debtor cannot assert the attorney-client privilege regarding questions posed to him as to communications between him and his attorneys in the wrongful death action that resulted in the $4,000,000 judgment against him which precipitated his bankruptcy. Therefore, it is

ORDERED as follows:

1. The claimant's motion to compel answers to questions propounded to debtor is hereby granted.

2. The Rule 205 examination which was held on January 8, 1982 shall be continued at the earliest mutually agreeable date, at which time the debtor, Frank Gale Smith, will appear and answer the questions that were certified at the January 8, 1982 examination and all other questions that are put to him along that line of inquiry.