INDUSTRIAL CLEARINGHOUSE, INC., Plaintiff–Appellee,

v.

BROWNING MANUFACTURING DIVISION OF EMERSON ELECTRIC COMPANY, Defendant–Appellant.

No. 91–1928
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1992.

---

Kevin P. Sullivan, Fulbright & Jaworski, Dallas, Tex., W. Wendall Hall, Fulbright & Jaworski, San Antonio, Tex., for Browning Mfg.

Mark J. Zimmermann, Thomas C. Clark, John W. Hicks, Jr., Tori S. Levine, Baker, Glast & Middleton, Dallas, Tex., for Indus. Clearinghouse, Inc.

Before POLITZ, Chief Judge, REAVLEY and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

Browning Manufacturing (Browning) appeals from a district court's interlocutory order allowing Industrial Clearinghouse, Inc. (Industrial) to discover communications between Browning and Browning's former counsel in this suit between Browning and Industrial. We reverse the district court's order because there is no evidence to support the district court's finding that Browning, by suing its former counsel, publicized confidential communications that it made to its former counsel.

## I. BACKGROUND

Industrial and Browning have long disputed the ownership of certain inventory in

the district court proceeding (the Industrial dispute) from which Browning now makes this interlocutory appeal. Midway through the Industrial dispute, Browning became dissatisfied with its counsel, Canterbury, Stuber, Elder, & Gooch (Canterbury), and retained a different law firm to manage that dispute.

Browning also filed a separate action against Canterbury for legal malpractice (the Canterbury suit), alleging, *inter alia,* that Canterbury failed to verify the accuracy of facts contained in affidavits that Canterbury prepared for Browning's employees to sign. Browning also alleged that Canterbury did not adequately prepare Browning's employee, Richard Schaa, for his deposition in the Industrial dispute because Canterbury failed to review with Schaa his prior testimony in a bankruptcy proceeding. Browning alleged that Canterbury's failure resulted in damaging inconsistencies between Schaa's deposition and bankruptcy-court testimony.

After Browning filed the Canterbury suit, but before anything else happened in that action, Industrial served Canterbury with a notice of deposition and subpoena duces tecum by which Industrial requested information concerning Canterbury's representation of Browning. At the deposition, Canterbury's representative, Charles Stuber, refused to produce documents and answer many of Industrial's questions because of Browning's attorney-client privilege.

Industrial filed a motion to compel Canterbury's testimony. The district court referred the motion to a magistrate, who ruled that Browning, by suing Canterbury, waived its attorney-client privilege as to matters "fairly raised" in Browning's complaint in the Canterbury suit. Record on Appeal at 260. While accepting Industrial's waiver-by-publication argument, the magistrate refused to hold that Industrial presented sufficient evidence that the crime/fraud exception to the attorney-client privilege entitles Industrial to secure otherwise-protected information from Canterbury.

After considering the parties' arguments and the transcript of the hearing before the magistrate, the district court found that "Browning has so compromised the confidentiality requirement of the attorney-client privilege that it has, by its actions, waived the privilege with regard to matters complained of in its state court petition that also bear upon Industrial's claims in this case." District Court Opinion at 15. The district court also agreed with the magistrate's ruling as to the crime/fraud exception to the attorney-client privilege; the court held that "Industrial has made no showing that Browning used its relationship with Canterbury/Stuber to promote intended criminal activity." District Court Opinion at 12–13 n. 16. So the district court affirmed and adopted the magistrate's order compelling Canterbury to produce documents and provide deposition testimony concerning matters which were fairly raised by Browning's complaint against Canterbury. Browning appeals.

## II. DISCUSSION

■ Industrial claims that Browning admitted that it waived its attorney-client privilege as to the issues raised in the Canterbury suit by suing Canterbury, so the only issue now presented is whether the district court correctly held that Browning's waiver extends beyond Canterbury to third parties like Industrial. But at the hearing wherein the magistrate considered Industrial's motion to compel, Browning's counsel argued that "there's been no waiver." Record on Appeal at 238. Industrial's only evidence that Browning admitted to waiving its attorney-client privilege is the parties' agreed statement of the issue presented to both the magistrate and the district court:

> The issue presented to the court is the extent of the waiver of the privilege for those communications *which are waived* by reason of their inclusion in the malpractice petition, i.e., whether they are waived only as to Canterbury/Stuber's defense of the malpractice suit, or whether they are waived completely and as to any third party.

District Court Opinion at 11 (emphasis added). Browning waived nothing by agreeing to this issue statement. The phrase "which are waived" required the district court, as it did, to find that a waiver occurred before addressing the waiver's scope. So Browning legitimately appeals from the district court's finding that Browning waived its attorney-client privilege by suing Canterbury.

■ The attorney-client privilege exists to encourage clients to be candid with their attorneys. *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir.1982), *cert. denied*, 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984). The privilege protects only confidential communications *of the client to the attorney*. *Id.* at 538 nn. 8, 9. " '[D]isclosure of any significant portion of a confidential communication waives the privilege as to the whole.' " *Id.* at 538 (quoting *United States v. Davis*, 636 F.2d 1028, 1043 n. 18 (5th Cir.1981)). The confidentiality of a client's communications may be compromised either through the publication of evidence of the communications themselves or through the publication of evidence of attorney statements or documents that disclose the client's confidential communications. *In re Sealed Case*, 877 F.2d 976, 979 (D.C.Cir.1989). The attorney-client privilege protects only evidence of client communications; it "does not protect against discovery of underlying facts from their source merely because those facts have been communicated to an attorney." *El Paso Co.*, 682 F.2d at 538–39 n. 10.

■ The only evidence of waiver presented by Industrial and considered by the magistrate and the district court is Browning's complaint, titled "Original Petition," filed against Canterbury in Texas state court. Industrial, the magistrate, and the district court fail to specify one single communication *of Browning's* that is revealed by the Original Petition, let alone any confidential communication. The Original Petition simply accuses Canterbury of various negligent actions in handling the Industrial dispute on Browning's behalf. While the Original Petition reveals some things that Canterbury told Browning, it reveals no communication from Browning either directly or by reference to Canterbury's statements. We thus find no record support for the district court's finding that Browning waived its attorney-client privilege by suing Canterbury.

■ We are also concerned that the magistrate and the district court so easily dismissed as dicta Judge Rubin's statement that "[t]he mere institution of suit against a lawyer ... is not a waiver of the privilege for all subsequent proceedings, however related or unrelated." *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir.), *cert. denied*, 475 U.S. 1109, 106 S.Ct. 1518, 89 L.Ed.2d 916 (1986). *Ballard* teaches, quite correctly, that the *mere institution of suit* against an attorney is insufficient to waive the attorney-client privilege as to third parties in a separate action that concerns the same subject matter as the attorney malpractice action. *Id.* at 291–92; *accord Zenith Radio Corp. v. United States*, 764 F.2d 1577, 1580 (Fed.Cir.1985) ("A party does not automatically waive [the attorney-client privilege] simply by bringing suit."). The institution of suit against an attorney does not waive the privilege even as to matters that are raised in both the malpractice suit and the third party suit. *Ballard*, 779 F.2d at 291–92. The revelation of confidential communications, not the institution of suit, determines whether a party waives the attorney-client privilege. Thus, if a complaint against an attorney, or the attorney's response or testimony in the malpractice case, reveals confidential client communications, the client waives the privilege as to the subject matter of the disclosed communications. *See, e.g., Laughner v. United States*, 373 F.2d 326, 327 (5th Cir.1967) (privilege waived where client "demanded and obtained" factual inquiry into claim that appointed attorney failed to render effective assistance). No such revelation has compromised Browning's attorney-client privilege.

■ Finally, Industrial argues that the communications are not protected due to the crime/fraud exception to the attorney-client privilege, and that the district court

**1008**

erred in holding that Industrial is not entitled to Canterbury's testimony and documents under the crime/fraud exception. To invoke the crime/fraud exception, a party must establish a *prima facie* case that a crime has been committed. *Ward v. Succession of Freeman,* 854 F.2d 780, 789–90 (5th Cir.1988), *cert. denied,* 490 U.S. 1065, 109 S.Ct. 2064, 104 L.Ed.2d 629 (1989). The district court found that Industrial failed to show that any misrepresentations made by Browning were intentional. Industrial presents nothing to show that the district court abused its discretion in making its finding as to Browning's intent. *See id.* at 789 (standard of review is abuse of discretion). A party must present evidence of an intent to deceive to establish a *prima facie* case of fraud or perjury. Therefore, the district court properly rejected Industrial's claim to Canterbury's information based on the crime/fraud exception to the attorney-client privilege.

REVERSED and REMANDED.