Lawrence A. DIAMANT, Trustee
in Chapter 7 Bankruptcy,
Movant,

v.

SHELDON L. POLLACK
CORPORATION, et
al., Respondents.

Bankruptcy No. 95–401.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 4, 1995.

**590**

Van E. McFarland, Van McFarland and Associates, Houston, TX, for Plaintiff.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Chief Judge.

Came on for hearing the Plaintiff's Motion To Compel Non–Party Deponent, Robert G. Bailey, To Produce Document Pursuant To Subpoena Duces Tecum and Give Testimony (Docket No. 1) filed by Lawrence A. Diamant, Trustee in Chapter 7 Bankruptcy, Plaintiff in Adversary No. LA 92–03518–AG, pending in the Central District of California (the "Movant"). After considering the pleadings, opposition and Request for Sanctions (Docket No. 8) filed by John P. Pollack, Eileen Pollack Erickson, Barbara E. Pollack, Shelly Lee Pollack, Maureen Diane Pollack and Stephen L. Pollack, (the "Respondents") evidence, and arguments of counsel, the court makes the following Findings of Fact

and Conclusions of Law, and will enter a separate Order granting the Motion To Compel. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any of the conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

On May 24, 1991 the Sheldon L. Pollack Trust of 1982 (the "Trust"), a trust created under the laws of California, filed a Chapter 11 proceeding in the Bankruptcy Court for the Central District of California which was later converted to a Chapter 7 on December 3, 1993. Lawrence A. Diamant was appointed the Chapter 7 Trustee. (Movant's Exhs. B, I, J).

After the Trust filed bankruptcy, various adversary proceedings (the "Adversary") were filed in the Bankruptcy Court for the Central District of California concerning the ownership of certain property which was claimed to be the property of the estate. These actions include claims by the Chapter 7 Trustee against, among others, the Sheldon L. Pollack Corporation, and the Respondents wherein the Chapter 7 Trustee is seeking to recover fraudulent transfers from the Trust to the Respondents and others. The Chapter 7 Trustee is the successor-in-interest to the claims of Loraine McMurrey, the original fraudulent transfer plaintiff in the Adversary. (Movant's Exh. B; Respondent's Exhs. 5, 6).

In conjunction with the pending Adversary proceeding, deponent, Robert G. Bailey, was subpoenaed for his testimony in addition to being served with a subpoena duces tecum to bring all files of and all documents concerning the Sheldon L. Pollack Trust. (Exhibit D to Plaintiff's Motion To Compel Non–Party Deponent, Robert G. Bailey, To Produce Document Pursuant To Subpoena Duces Tecum and Give Testimony, Docket No. I). Mr. Bailey is an attorney who represented the Respondents in a related state court suit in Harris County brought by Loraine McMurray in 1990.

Mr. Bailey refused to produce the requested documents or answer questions regarding conversations and/or communications be-

tween Mr. Bailey and one or more of the Respondents who are defendants in the Adversary. The attorney-client privilege was invoked as a basis for his refusal to respond. (Exhibit E to Plaintiff's Motion To Compel Non–Party Deponent, Robert G. Bailey, To Produce Document Pursuant To Subpoena Duces Tecum and Give Testimony, Docket No. 1).

Federal Rule of Civil Procedure 37(a)(1) allows a party seeking an order compelling discovery to apply to the court in the district where the discovery is being, or is to be, taken. Mr. Bailey resides and was deposed in Houston, Texas. This is the appropriate court to determine the Motion to Compel. However, this court notes that the main case bankruptcy proceeding and the adversary proceeding were filed and are presently pending in the Bankruptcy Court for the Central District of California.

The attorney-client privilege serves to promote justice and recognizes that sound legal advice or advocacy depend upon the attorney's being fully informed by the client. *See, Upjohn v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). It is designed to promote full disclosure by the client by protecting his confidential communications with his attorney. *In re Warner*, 87 B.R. 199, 201 (Bankr.M.D.Fla. 1988). It does so however at the cost of withholding relevant information from the factfinder. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976).

The delicate balance of the privilege's costs and benefits breaks down when the client consults an attorney to further a continuing or contemplated criminal or fraudulent scheme. *See United States v. Zolin*, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989); *In re International Systems and Controls Corporation Securities Litigation*, 693 F.2d 1235 (5th Cir.1982). Accordingly, such communications lose their privileged character and are subject to disclosure as an exception to the attorney-client privilege. *See, In re Hunt*, 153 B.R. 445 (Bankr. N.D.Tex.1992); *In re Warner, supra*, and cases cited therein.

To invoke the fraud exception, the moving party must make a prima facie showing that the underlying transaction to which the communication relates is fraudulent. The Supreme Court declined to decide what quantum of ultimate proof is required to establish the exception and disallow the privilege. *United States v. Zolin*, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989). However, the 5th Circuit has stated that a party must present evidence of an intent to deceive to establish a prima facie case of fraud or perjury. *Industrial Clearinghouse, Inc. v. Browning Manufacturing Division of Emerson Electric Co.*, 953 F.2d 1004, 1008 (5th Cir.1992); *See also United States v. Ballard*, 779 F.2d 287 (5th Cir.) *cert. denied*, 475 U.S. 1109, 106 S.Ct. 1518, 89 L.Ed.2d 916 (1986).

In this case, the Chapter 7 Trustee challenged the validity of certain transfers from the Trust to the Respondents. Under the Bankruptcy Code, such transfers may be voided if the Debtor's actual intent to hinder, delay or defraud his creditors is found. 11 U.S.C. §§ 544, 548. A fraud upon creditors consists in the intention by the Debtor to prevent his creditors from recovering their just debts by withdrawing property from their reach. This intention can be found by the existence of certain indicia or badges of fraud. These involve the following considerations: lack of consideration for the transfer; close family relationship between the transferor and the transferee; pending or threatened litigation against the transferor; and solvency or substantial indebtedness of the transferor. While one badge of fraud standing alone may amount to little more than a suspicious circumstance, insufficient in itself to constitute a fraud per se, several of them when considered together may afford a basis from which its existence is properly inferable. *United States v. Fernon*, 640 F.2d 609, 613 (5th Cir.1981).

Debtor, the Trust, did transfer considerable assets to the Respondents and other entities apparently after the death of Respondent's father, the Settlor of the Trust. (Movant's Exhs. D, Judgment Debtor's Response to Second Set of Post–Judgment Dis-

covery Requests; F, Transcript of Motions Hearing). These assets are presently beyond the reach of the Debtor's creditors. There is clearly a close family relationship between the creator and Settlor of the Trust, Sheldon L. Pollack, and the Respondents, beneficiaries of the Trust and defendants in the Adversary proceeding, as he was their father. (Movant's Exh. H, The Sheldon L. Pollack Trust of 1982). Although movant has not yet proven the requisite intent in regard to the various transactions, he has "at least raised the inference that the transfers may have been fraudulent" which is sufficient to establish a prima facie case. *See, In re Warner, supra,* at 203. *See also* Movant's Exhs: A, Stipulation Setting Forth Parties; C, Declaration of S. Lawrence Pollack In Opposition to Motion for Summary Judgment; D, Judgment Debtor's Response to Second Set of Interrogatories; E, Agreement with Pollacks and Bank of Montreal; F, Transcript of Motions Hearing.

This court finds that the Chapter 7 Trustee has made a prima facie showing sufficient to invoke the "fraud" exception to the attorney-client privilege and is entitled to depose Robert G. Bailey and to have produced those documents which tend to prove fraudulent intent. However, the Chapter 7 Trustee is not entitled to the production of any documents which fall within the scope of the work product privilege or which reflect deponent's mental impressions, conclusions, opinions or legal theories developed.

Based upon the court's finding that the attorney-client privilege does not exist in this instance since the "fraud" exception applies, it is not necessary to reach the issue of whether the Chapter 7 Trustee succeeded to the attorney-client privilege of the Trust nor whether a waiver of that privilege occurred as a result of the Chapter 7 Trustee's being a joint client with the Respondents. This court notes that the Supreme Court has held that a Chapter 7 Trustee of a corporation has control over the corporate attorney-client privilege and the power to waive that privilege with respect to prebankruptcy communications. *Commodity Futures Trading Commission v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). However, there are conflicting cases as to whether an individual debtor's attorney-client privilege passes to and could be waived by the Chapter 7 Trustee. *See In re Hunt, supra.* (individual debtor's attorney-client privilege does not pass to and could not be waived by the bankruptcy trustee); *In re Smith,* 24 B.R. 3 (Bankr.S.D.Fla.1982) (individual debtor's attorney-client privilege passes to the bankruptcy trustee); *Commodity Futures Trading Commission v. Weintraub,* 722 F.2d 338, 342–43 (7th Cir.1984), *rev'd,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985) (corporate and individual debtors should be treated equally in regard to transfer of their attorney-client privileges to bankruptcy trustees). While the issue of whether a Chapter 7 Trustee succeeds to the attorney-client privilege of a Trust is not settled, it is clear that no attorney-client privilege exists to be waived if an exception to the privilege applies. *In re Hunt, supra,* at 454.

Respondents, the Pollacks, have requested sanctions, reasonable attorney's fees and costs against the Movant based upon the Movant's failure to investigate all of the facts pertinent to this matter based upon FRBP 9011 and 28 U.S.C. § 1927. (Docket No. 8) Respondents have failed to show any entitlement to the requested relief and this court does not find it appropriate under the circumstances to allow the relief requested by Respondents. Thus, the Respondents' request for sanctions, reasonable attorney's fees and costs are denied.