Affirmed and Opinion filed October 31, 2002









Affirmed
and Opinion filed October 31, 2002.

 

                                                                                                                                                            

 

                                                                                                                                                            

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01122-CR

____________

 

JIMMY NORBERT MARVICK,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 228th District Court

Harris County, Texas

Trial
Court Cause No. 855,938

 



 

O
P I N I O N

Appellant,
Jimmy Norbert Marvick, was convicted by a jury of
capital murder and sentenced to life in prison. 
Appellant claims (1) he was deprived of his right to testify and (2) the
trial court abused its discretion in denying his motion for new trial and in
overruling his objection to privileged testimony.  We affirm.

Factual
and Procedural Background








On
the morning of September 16, 2000, appellant arrived at Gizmo=s,
a Pasadena, Texas bar, and began drinking. 
He remained at the establishment throughout the day, becoming so
intoxicated that sometime between 10:00 and 10:15 p.m., the owner asked him to
leave.  Around this time, patrons
reported seeing a man in a pick-up truck with something wooden in his hand who was apparently beating on something.

Approximately
one hour later, patrons discovered the body of John Perieda
in a pick-up truck outside of Gizmo=s.  He died from multiple
blunt trauma to the head.  Perieda=s
wallet and a hammer were also found within the vehicle.  Appellant=s fingerprints were found on both items.  

On
September 17, appellant told a Kettle Restaurant waitress about the murder,
claiming he may have done it.  Shortly
thereafter, appellant was arrested at his hotel.  Upon arrest, police discovered a bloody $100
bill on him containing the DNA of both the appellant and Perieda.  A search of appellant=s
hotel room revealed clothing with appellant=s blood on it.  

Appellant
was convicted of capital murder and sentenced to life in prison.  Appellant filed a motion for new trial
claiming that he wished to testify and was denied this right by his trial
counsel.  In an affidavit submitted as
part of the evidence on the motion for new trial, appellant stated that he
wished to testify that he killed Perieda in
self-defense after Perieda came at him with a wrench
and a hammer.  Further, appellant claims
he told his lawyers, Gerald Guerinot and Winifred Akins, that he wished to testify.  At a hearing on the motion for new trial, Guerinot testified that appellant never requested to
testify and that he had informed appellant of the consequences of his doing
so.  Neither Akins nor appellant
testified at the hearing.  The trial
court denied the motion for new trial and appellant filed this appeal.

Right
to Testify

Appellant
claims in his first and second issues that he was denied his constitutional
right to testify.  Specifically, he
challenges trial counsel=s refusal to call him as a witness and the trial court=s
denial of his motion for new trial. 








In
trying a case, a criminal-defense lawyer controls the progress of a case,
except for three decisions that are reserved to the client: (1) how to plead to
the charges against him; (2) whether to be tried by a jury or to the court; and
(3) whether to testify in his own behalf. Novak v. State, 837 S.W.2d
681, 685 (Tex. App.CHouston [1st Dist.]
1992, pet. denied).  Appellant claims
that he told both Guerinot and Akins that he wished
to testify.  Guerinot
expressly denied this assertion in his testimony at the motion-for-new-trial
hearing.  Akins, however, did not
testify.  Appellant claims that because
his affidavit is uncontested with respect to his conversation with Akins, the
court erred in denying his motion for new trial.

A
trial court=s ruling denying a defendant=s motion for new trial is reviewed under an abuse-of-discretion
standard.  Lewis v.
State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).
 We do not substitute our judgment for
that of the trial court, but rather decide whether the trial court=s
decision was arbitrary or unreasonable. Id.  In considering a motion for new trial, the
trial court possesses broad discretion in determining the credibility of the
witnesses and in weighing the evidence to determine whether a different result
would occur upon retrial.  Valle v.
State, 963 S.W.2d 904, 908 (Tex. App.CTexarkana 1998, pet. ref=d).  The court may
consider the interest and bias of any witness and is not required to accept as
true the testimony of the accused or any defense witness simply because it was uncontradicted.  Id.;
Messer v. State, 757 S.W.2d 820, 828 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d).  We conclude the
trial court did not abuse its discretion in rejecting the statements in
appellant=s self-serving affidavit.








The
record shows that trial counsel advised appellant not to testify.  Counsel gave appellant an assessment of the
consequences of doing so, indicating that both his extensive prior criminal
record and his statements to police after the arrest would become
admissible.  Counsel never prepared
appellant to testify nor did he ever intend for him to testify.  Nothing in the record suggests appellant ever
informed the trial court of his desire to testify.  Furthermore, aside from appellant=s
self-serving affidavit, there is no evidence indicating he ever specifically
told his trial counsel he wanted to testify. 
As discussed above, the trial court was well within its discretion in
rejecting the statements in appellant=s affidavit.  See
Valle, 963 S.W.2d at 908; Messer, 757
S.W.2d at 828.  We overrule appellant=s
first and second issues.

Attorney-Client
Privilege

In
his third issue, appellant contends the trial court erred in admitting
communications protected by the attorney-client privilege at the hearing on the
motion for new trial.  Appellant argues
that counsel=s testimony regarding his affidavit revealed confidential
communications.  We hold the trial court
did not err in allowing the testimony.  

It
is well settled that a client waives the attorney-client privilege when a defendant
claims ineffective assistance of counsel against a former attorney.  Laughner
v. United States, 373 F.2d 326 (5th Cir. 1967); Joseph v. State, 3
S.W.3d 627, 637 (Tex.
App.CHouston [14th Dist.]
1999, no pet.).  See
also United States v. Ballard, 779 F.2d 287, 292 (5th Cir. 1986); Farnsworth
v. Sanford, 115 F.2d 375, 377 (5th Cir. 1940).

The
privilege is not an inviolable seal upon the attorney=s
lips.  It may be waived by the client;
and where, as here, the client alleges a breach of duty to him by the attorney,
we have not the slightest scruple about deciding that he thereby waives the
privilege as to all communication relevant to that issue.

Laughner, 373 F.2d at 327.    

Appellant
claimed ineffective assistance of counsel in his motion for new trial, although
he has not re-urged this issue on appeal. 
Appellant argued, as he does here, that trial counsel improperly
prevented appellant from taking the stand despite his express desire to
testify.  Therefore, any testimony by
counsel regarding this issue does not violate the attorney-client
privilege.  The testimony in question
related to whether or not the attorney had knowledge about the appellant=s
desire to testify.  This line of
questioning goes to the heart of appellant=s claim and, thus, was admissible.








Even
if the trial court had erred in admitting the testimony, it would constitute
harmless error.  The testimony did not in
any way contribute to the conviction or punishment of appellant.  The exchange occurred in its entirety at the
motion-for-new-trial hearing and consisted of a one-sentence response by trial
counsel regarding whether he was Asurprised@ by the contents of appellant=s affidavit.  An alleged
defect that does not affect the substantial rights of the appellant must be
disregarded.  See Tex. R. App. P. 44.2(b).  We overrule appellant=s
third issue.

We
affirm the trial court=s judgment.

 

 

/s/            Leslie
Brock Yates

Justice

 

 

Judgment rendered and Opinion filed
October 31, 2002.

Panel consists of Justices Yates,
Anderson, and Frost.

Do Not Publish C
Tex. R. App. P. 47.3(b).