IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,927-01






EX PARTE PEDRO SANCHEZ AVILES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 29669 IN THE 13
TH DISTRICT COURT


FROM NAVARRO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

 Applicant contends that the State breached the plea agreement and that trial counsel was
ineffective for not advising Applicant that his arrest and confession were illegal and not filing a
motion to suppress. 

 On March 8, 2006, we remanded the application and instructed the trial court to make
findings of fact and conclusions of law. On remand, the trial court stated in its findings of fact and
conclusions of law that it was "not prepared to find trial counsel's representation ineffective," but
concluded that if a motion to suppress had been filed, "it is likely that suppression would have been
granted with respect to [A]pplicant's confession." The trial court concluded, however, that the plea
agreement in Applicant's case was not breached. The trial court recommended granting Applicant
a new trial. 

 We believe that the record should be further developed, and therefore the trial court shall
order a live evidentiary hearing to resolve Applicant's claims. The trial court shall order trial counsel,
among others, to testify at that hearing. (1)

 After the evidentiary hearing, the trial court shall then make findings of fact as to whether
trial counsel's failure to file a motion to suppress and advise Applicant that his confession would be
inadmissible at trial constituted deficient performance and, if so, whether her deficient performance
prejudiced Applicant. The trial court shall also make findings of fact as to whether the State breached
the plea agreement in Applicant's case. The trial court shall make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 27, 2006

Do not publish
1. We note that trial counsel's testimony is not protected by the attorney-client privilege.
Applicant waived the privilege when he alleged that trial counsel was ineffective. United States
v. Ballard, 779 F.2d 287 (5th Cir. 1986); Laughner v. United States, 373 F.2d 326 (5th Cir. 1967).