**In re Shannon Lee COURTNEY, Debtor.**

**No. 03–04434–3F7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 13, 2007.

Walter J. Snell, Snell & Snell, P.A., Daytona Beach, FL, for Debtor.

Raymond N. Seaford, Law Office of Ken Ward, P.A., Tampa, FL, for Gregory K. Crews, Trustee.

***ORDER GRANTING TRUSTEE'S MOTION TO WAIVE PRIVILEGE AND COMPEL TURNOVER OF PROPERTY***

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court on Motion to Waive Privilege and Compel Turnover

of Property from Smith, Hood, Perkins, Loucks, Stout, Bigman, Lane & Brock, P.A. ("Motion") filed by Gregory K. Crews, as Chapter 7 Trustee (the "Trustee"). The Trustee filed his Motion under the authority of 11 U.S.C. § 542, stating that the Trustee could waive debtor Shannon Lee Courtney's ("Debtor") privilege and direct the law firm of Smith, Hood, Perkins, Loucks, Stout, Bigman, Lane & Brock, P.A. (the "Law Firm") and Terrence Perkins, Esq. ("Perkins") to turnover to the Trustee any and all files, etc. in their possession or control that they kept in their capacity as attorneys for Debtor in the wrongful death action against Debtor which precipitated the filing of this case. The Court conducted a hearing on June 26, 2007 (the "Hearing"). The Court took the matter under advisement. Upon review of the Motion and the evidence presented at the Hearing, the Court finds it appropriate to grant the Motion.

In October 2000, Debtor was sued for wrongful death as the result from a car accident (the "Wrongful Death Action"). At the time of loss, Debtor was insured with Progressive Express Insurance Company, Inc. ("Progressive"). In November 2000, Progressive retained the Law Firm and Perkins to represent Debtor in the Wrongful Death Action. On May 1, 2003, as a direct result of the pending Wrongful Death Action, Debtor filed his voluntary Chapter 7 petition. Because the Wrongful Death Action had not been liquidated, on September 23, 2003, the Court modified the automatic stay to allow the matter to be liquidated in the circuit court. Following a jury trial in the Wrongful Death Action, a jury awarded the plaintiff a judgment against Debtor for $1,050,000.00. At the time of loss, Debtor had an automobile insurance policy with Progressive for coverage in the event of loss for $10,000.00. Thus, Debtor was obligated to pay the remaining $1,040,000.00 of the judgment.

On September 8, 2005, Debtor obtained his discharge. In order to enhance the estate and in his duties as trustee, the Trustee is actively pursuing an insurance bad faith claim against Progressive in a circuit court action ("Insurance Bad Faith Action").

The Trustee claims that 11 U.S.C. § 541 states that the Insurance Bad Faith Action is property of Debtor's estate, and cites 11 U.S.C. § 542(e) as the basis for the Law Firm and Perkins to turnover the documents otherwise protected by the attorney-client privilege on behalf of Debtor. To bolster this claim, the Trustee cites to *In re Smith,* 24 B.R. 3 (Bankr.S.D.Fla. 1982), and *Moore v. Eason (In re Bazemore),* 216 B.R. 1020 (Bankr.S.D.Ga.1998). In *Smith,* the court applied a blanket rule and found that "[a]ny attorney-client privilege which the debtor ha[s] passes by operation of law to the bankruptcy trustee." 24 B.R. at 5. In *Bazemore,* however, the court applied a balancing test. The issue in *Bazemore* centered on a Rule 2004 examination of the debtor's attorney so that the trustee could determine whether to initiate a bad faith insurance claim or malpractice action against the attorney. 216 B.R. at 1022. The court found that the harm that could befall the debtor as the result of waiving the attorney-client privilege of the attorney during the Rule 2004 examination was minimal and the benefit to the bankruptcy estate was high. *Id.* at 1024–25.

At the Hearing, Perkins responded that the detriment to Debtor would be high because Debtor currently is in prison serving a sentence as a result of the car accident and resulting wrongful death. The fear of Debtor, Perkins asserts, is that he could be subject to further criminal liability for acts surrounding the accident for which he was not prosecuted. In addition, Debtor is leery of additional civil liability that could ensue as the result of the privileged communications.

The Court is persuaded by the arguments of the Trustee and agrees that the benefits to Debtor's estate outweigh any conceivable harm that could come to Debtor. The Court would like to note, however, that it disagrees with the assertion that the attorney-client privilege always passes as a matter of law from the debtor to the trustee. *Smith* has been criticized and questioned by numerous courts, and the Court finds that the majority view of striking a balance between the harm to the debtor and the benefit to the estate is a more practical, if also more unpredictable, approach.

The Court opines that it is doubtful that Debtor will be susceptible to additional criminal liability. If, however, the Law Firm and Perkins were to find incriminating statements or documents which the Law Firm and Perkins believe could expose Debtor to additional criminal liability, then the Law Firm and Perkins can redact such information and provide those documents to the Court for *in camera* review. The Court will then balance the relevance of those documents to the Insurance Bad Faith Action and the likelihood of harm to Debtor. This keeps the risk of additional criminal liability to Debtor low, if not non-existent.

In addition, the Trustee is not looking to waive the attorney-client privilege in order to go after Debtor personally. Instead, the interests of Debtor and the Trustee are one and the same. By enhancing the bankruptcy estate, the Trustee is able to allow Debtor to pay more money to his creditors and, in the event that the collection from the Insurance Bad Faith Action surpasses what Debtor owes to his creditors, then Debtor would be entitled to a refund. Furthermore, it is important to recognize that this is not a general waiver, but a limited waiver dealing solely with the Insurance Bad Faith Action. Therefore, the Court will grant the Trustee's Motion

and direct the Law Firm and Perkins to turnover all documents in their possession from the inception of their representation of Debtor through to Debtor's bankruptcy filing in May 2003. Based upon the foregoing, it is

**ORDERED:**

1. The Trustee's Motion is granted.

2. The Law Firm and Perkins shall turnover to the Trustee and the Trustee's attorneys all documents, files, records and papers in their possession or control, kept and maintained in their capacity as attorneys for Debtor and in any way relating to their representation of the Debtor in the wrongful death action formerly pending in the Circuit Court for Orange County, Florida, styled as *Laraine Scoma, et. al. v. Shannon Lee Courtney, et. al.*, No. CIO–00–8063, including, but not limited to, all billing records for the requisite time period, all communication between Debtor and the Law Firm and Perkins, and all communication between Progressive and the Law Firm and Perkins.