[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10853
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81369-WPD


RICHARD P. JAHN, JR.,
as Trustee for Breanne Marie Doyon,

Plaintiff - Appellant,

versus

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 27, 2018)

Before WILLIAM PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Richard P. Jahn challenges the admission of GEICO's "Exhibit 80" at trial on three grounds—specifically, that the documents it contained were (1) subject to attorney-client privilege, (2) hearsay, and (3) irrelevant.  After careful review, we conclude that the district court did not abuse its discretion in admitting the exhibit.  Accordingly, we affirm.

The parties are familiar with the facts; we do not repeat them here except as necessary.

## I

First, we consider Jahn's claim that the district court abused its discretion in admitting Exhibit 80 because it was subject to attorney-client privilege.[1]  The attorney-client privilege is the "oldest of the privileges for confidential communications known to the common law."  *Gennusa v. Canova*, 748 F.3d 1103, 1110–11 (11th Cir. 2014) (quotation omitted).  Its purpose is to promote freedom of consultation between lawyers and their clients by eliminating the concern of compelled legal disclosure of any confidential communications.  *United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987).  Florida courts have long recognized, however, that this privilege "was intended as a shield, not a sword."

---

[1] We review a district court's evidentiary rulings for abuse of discretion.  *United States v. Clay*, 832 F.3d 1259, 1314 (11th Cir. 2016).  We will reverse a district court's evidentiary rulings only in the event of substantial prejudice.  *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004).

*GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987) (citation omitted) (applying Florida law).  Thus, a party who "injects into the case" an issue that requires an examination of communications otherwise protected by the attorney-client privilege loses the privilege.  *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir.), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994) (citing *GAB*, 809 F.2d at 762).  Put another way, "[s]elective disclosure for tactical purposes" waives the attorney-client privilege.  *Id.* at 1417 (citation omitted).

Here, Jahn put at issue Doyon's communications with her GEICO-provided attorney, Chaves, by introducing portions of Doyon's videotaped deposition at trial.  In her deposition, Doyon testified that Chaves had repeatedly assured her that she would win her case and, after she lost, had failed to inform her of the judgment against her.  When GEICO called Chaves to the stand, it introduced Exhibit 80— five e-mail communications between Doyon and Chaves—to rebut these assertions.  Jahn objected.  After considering argument from both parties, the district court determined that the evidence was admissible because Jahn had "opened the door" by "interject[ing]" a claim that Chaves had failed to properly communicate with Doyon throughout her representation.

This determination did not amount to an abuse of discretion.  Jahn's attempt to link (1) Chaves's alleged failure to communicate with Doyon and (2) GEICO's

bad faith injected an issue that in fairness required an examination of communications otherwise protected by the attorney-client privilege. *Cox*, 17 F.3d at 1422.

Relying on a single bankruptcy-court opinion for authority—*In re Smith*, 24 B.R. 3 (Bankr. S.D. Fla. 1982)—Jahn also contends that, as Doyon's trustee, he now holds any attorney-client privilege that she previously held.[2] Because *he* has not waived *his* privilege in regard to Exhibit 80, Jahn contends, the e-mails should have been inadmissible. This argument fails. Even if *In re Smith* was binding on this Court, it would not change the outcome: by himself specifically seeking to elicit testimony concerning privileged communications between Doyon and Chaves, Jahn, in fact, waived any privilege that he might otherwise have held. *See Cox*, 17 F.3d at 1422. Because of this, the district court did not abuse its discretion in finding that the attorney-client privilege did not bar Exhibit 80's admission.

## II

Next, we consider Jahn's claim that the district court abused its decision in admitting Exhibit 80 because it contained inadmissible hearsay. Hearsay is an out-of-court statement offered for the truth of the matter asserted. *See* Fed. R. Evid.

---

[2] Jahn acknowledges that a bankruptcy court in the Middle District of Florida has since disagreed with *In re Smith*, choosing to instead apply a balancing test to determine whether the attorney-client privilege passes to a trustee. *See In re Courtney*, 372 B.R. 519, 521 (Bankr. M.D. Fla. 2007).

801(c).  Statements offered for purposes other than their truth are not, by definition, hearsay.  *See United States v. Paradies*, 98 F.3d 1266, 1291–92 (11th Cir. 1996).  "The value of a statement offered for nonhearsay purposes lies in its being *said* rather than in its content."  *United States v. Peaden*, 727 F.2d 1493, 1500 n.11 (11th Cir. 1984) (emphasis added); *see, e.g.*, *United States v. Lee*, 427 F.3d 881, 896–97 (11th Cir. 2005) (holding that e-mails from bank employees stating that fraud defendant was a "con artist" whose actions were "illegal" were offered not for their truth but rather to rebut defendant's assertion that the bank had not informed him that his transactions were wrongful).

Jahn's hearsay objection revolves around one paragraph in an e-mail from Doyon to Chaves concerning the assignment of her rights to the bad-faith claim. The e-mail states:

> I'm comfortable signing it.  I really don't think [GEICO] was in bad faith but I feel signing it will put me more "on their side" with not coming after me and keeping their word.

GEICO offered this e-mail, Jahn contends, to prove the truth of the matter asserted—namely, that it did not act in bad faith.

Again, the district court's decision to admit this e-mail—via Exhibit 80— does not amount to an abuse of discretion.  The district court reasonably concluded that, as one of five e-mails between Doyon and Chaves concerning the judgment against Doyon, this e-mail was offered not for the truth of the matter asserted but

5

rather to rebut Doyon's testimony that Chaves never told her about the judgment. The fact that the e-mail also contained Doyon's opinion about GEICO's actions does not, in and of itself, convert it into inadmissible hearsay. *See Lee*, 427 F.3d at 896–97.

## III

Finally, we consider Jahn's claim that the district court abused its discretion in admitting Exhibit 80 because it was irrelevant and unfairly prejudicial. Under the Federal Rules, relevant evidence is defined as that which has any tendency to make any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Even relevant evidence may be inadmissible, however, "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The exclusion of evidence under Rule 403, however, "is an extraordinary remedy which the district court should invoke sparingly." *United States v. Nerey*, 877 F.3d 956, 975 (11th Cir. 2017) (quoting *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)).

We reject Jahn's argument that the district court abused its discretion by admitting Exhibit 80 in contravention of Federal Rules of Evidence 401 and 403.

6

As previously explained, Jahn put these communications directly in issue by focusing on whether and to what extent Chaves communicated with Doyon about the trial and the judgment, presumably to support his theory that Chaves's conduct was "inextricably woven together with GEICO's." Although Jahn is correct that the focus in a bad-faith insurance action should be on the insurer's conduct, his own efforts to link Chaves's communications (or lack thereof) to GEICO's bad faith rendered those communications important—and at the very least relevant.

Nor can we say that the district court abused its discretion in failing to bar the exhibit using the "extraordinary remedy" that Rule 403 offers. Given Jahn's focus on Chaves's representation, the probative value of her communications with her client were not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Accordingly, we cannot say that the district court abused its discretion by finding Exhibit 80 relevant under Federal Rule of Evidence 401 or in declining to bar it under Rule 403.

**AFFIRMED.**