In re Application of the NEW YORK TIMES COMPANY and Dow Jones & Company, Inc., Applicants–Appellants.

UNITED STATES of America,

v.

James Sutton REGAN, et al., Defendants.

No. 1500, Docket 89–1294.

United States Court of Appeals, Second Circuit.

Argued June 20, 1989.

Decided June 21, 1989.

Mitchell A. Karlan, New York City (Robert D. Sack, Stuart D. Karle, Gibson, Dunn & Crutcher, New York City, of counsel), for appellant Dow Jones & Co.

Deborah R. Linfield, The New York Times, New York City, for appellant The New York Times Co.

Before MESKILL, PIERCE and MAHONEY, Circuit Judges.

PER CURIAM:

This is an expedited appeal from an oral order of the United States District Court for the Southern District of New York, Carter, J., barring counsel in the criminal case *United States v. Regan*, S88 Crim. 517, from speaking to members of the press between the time jury selection in that case begins and the time the jury returns a verdict. Appellants The New York Times Co. and Dow Jones & Co., Inc. (the newspapers) publish *The New York Times* and *The Wall Street Journal.* The newspapers challenge the order as violative of the First Amendment's protections of freedom of the press and freedom of speech.

The order in question was in the form of an oral ruling barring all comment by counsel to the press while the trial is underway. The order was later modified so that "[o]ne representative of the defendants and [one representative] of the government ... [could] talk to you [the press] together and give you facts."

We note first that no written motion or application for permission to intervene was filed by the newspapers in the district court. They did, however, at a hearing before Judge Carter, make a motion to intervene "so that we have standing to take this to the Second Circuit." Judge Carter replied that "[y]ou have every right to do that." We interpret this exchange as the making and the granting of a motion to intervene, as Judge Carter clearly believed that this is what had occurred, stating later that the newspapers "have every right to appeal" the order.

Nevertheless, the question arose at oral argument whether a live case or controversy has been presented to this Court. No rule of federal criminal procedure allows intervention by third parties in a criminal proceeding and none of the parties below has challenged Judge Carter's order. Without deciding whether the newspapers are proper intervenors or are "alleged ...

third parties to the criminal litigation," *In re National Broadcasting Co.*, 635 F.2d 945, 949 n. 2 (2d Cir.1980), and assuming they have standing, *see In re Dow Jones & Co., Inc.*, 842 F.2d 603, 606–08 (2d Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 377, 102 L.Ed.2d 365 (1988); *In re The New York Times Co.*, 828 F.2d 110, 113 (2d Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988), we vacate the "gag" order.

In *Dow Jones,* we held that a "gag" order such as the one at issue could only be justified if, at a minimum, the district court found that "pretrial publicity ... posed such a threat to defendants' Sixth Amendment rights as to justify the ... restraining order," 842 F.2d at 610, and that no "other available remedies would effectively mitigate [any] prejudicial publicity," *id.* at 611; *see also id.* at 611 n. 1 ("an analysis of the effectiveness of the order in question is a necessary consideration"). While, as in the case before us, the Court in *Dow Jones* was not presented with a party to the proceedings below arguing that the order was unconstitutional, the Court did know that the government had opposed the order in the district court. *Id.* at 605, 607–08. Thus, the Court was able to state that "there is no indication that [the] government prosecutors are not willing speakers." *Id.* at 608.

In contrast, in this case the district court made no finding that a willing speaker exists from whom the newspapers would receive information. Nor have the parties indicated through opposition to the order that they are willing speakers. Without either a finding by the district court or assertions in this Court by the parties, we are unable to say that the standard of *Dow Jones* has been met. Not only has there been no showing that prejudice may result from statements made to the press by counsel, but there has been no showing that statements are likely to be made at all.

Judge Carter himself acknowledged that he was not relying on any actions of counsel in the case before him, but was "looking to the past, to some experience, ... and looking prospectively to avoid some of the problems that I have faced in other cases, not in this case." This is not sufficient justification for imposing restrictions on counsel beyond those already contained in local court rules, *see* S.D.N.Y.Crim.R. 7(a) (counsel may not release information "if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice"). The First Amendment and *Dow Jones* require more. *Dow Jones,* 842 F.2d at 609.

For the foregoing reasons, we vacate the order of the district court. The mandate shall issue forthwith. No costs.