United States Court of Appeals,

Fifth Circuit.

No. 93-5037.

UNITED STATES of America, Plaintiff-Appellee,

v.

Harold Glenwood SMITH, Sr., Defendant-Appellant.

Sept. 19, 1994.

Appeal from the United States District Court for the Western District of Louisiana.

Before REYNALDO G. GARZA, DeMOSS and PARKER,[1] Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Harold Glenwood Smith, Sr. (Smith) pleaded guilty to drug conspiracy offenses in violation of 21 U.S.C. § 841(a)(1) and § 846. The conspiracy began in early 1986 and continued through July 23, 1987.

Smith was sentenced on January 27, 1988 to imprisonment for twenty years to be followed by a "special parole term" of three years.

After an unsuccessful direct appeal and one previous *pro se* petition under 28 U.S.C. § 2255, both of which raised unrelated issues, Smith is now before this court appealing the district court's denial of his petition for relief under 28 U.S.C. § 2255, which challenged the inclusion of a term of special parole in his sentence. The district court below held that because petitioner's

_____

[1]Judge Parker participated by designation in the oral argument of this case as a United States District Judge for the Eastern District of Texas. Since that time he has been appointed as a Fifth Circuit Judge.

1

offense occurred prior to November 1987, even though he pleaded guilty after that date, the 1984 amendments to § 841 did not apply to his offense.  The district court found the special parole term was proper and denied petitioner's petition for habeas corpus.

SPECIAL PAROLE

Smith argues that the district court erred in denying his Application for Writ of Habeas corpus because the sentencing provisions applicable to the offenses to which Smith pleaded guilty required the imposition of supervised release terms instead of special parole terms.  He is correct.

Portions of Smith's offenses were committed during an interim period between the enactment of the Anti-Drug Abuse Act of 1986 (ADAA) and the November 1, 1987 effective date of the Sentencing Reform Act.  The Supreme Court in *Gozlon-Peretz v. United States,* 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) held that congress intended the supervised release provisions of the ADAA to apply to drug offenses committed after October 26, 1986.  Because Smith was involved in the drug conspiracy during the 1986-87 time period addressed in *Gozlon-Peretz,* Smith should have been sentenced to terms of supervised release instead of special parole.  The government concedes that this was error.

IS THIS ERROR COGNIZABLE UNDER § 2255?

Section 2255 provides recourse only " "for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "  *United*

2

*States v. Perez,* 952 F.2d 908, 909 (5th Cir.1992) (quoting *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir.1981)); *see United States v. Prince,* 868 F.2d 1379, 1382 (5th Cir.) *cert. denied,* 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989) (it is well settled that § 2255 does "not reach alleged errors which are not of constitutional or jurisdictional magnitude and which could have been reached by a direct appeal.") Smith's appeal does not rise to the level of a constitutional claim or jurisdictional magnitude, although an argument for substantive due process could possibly be made. However, Smith could not have raised this issue on appeal. On January 25, 1988, the Fifth Circuit handed down *United States v. Byrd,* 837 F.2d 179 (5th Cir.1988), holding that a district court was not authorized to impose a term of supervised release on a drug defendant like Smith whose offense was committed prior to November 1, 1987. That was the law in the Fifth Circuit from January 1988 until February 1991, when the Supreme court reversed *Byrd* in *Gozlon-Peretz.* Smith was sentenced two days after *Byrd* was decided which settled the issue against him, foreclosing any relief on appeal.

The remaining question is whether denying Smith's petition would result in a miscarriage of justice. We hold that it would, as the defendant is entitled to be sentenced under the correct law.

Therefore we conclude that the district court's error in this case is cognizable under § 2255.

## RELIEF

Finally, we must determine the appropriate relief due Smith

3

in this action.  Special parole was "a period of supervision served upon completion of a prison term" and administered by the United States Parole Commission. *Gozlon-Peretz v. United States,* 498 U.S. 395, at 399, 111 S.Ct. 840, at 844, quoting *Bifulco v. United States,* 447 U.S. 381, 388, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980).  See 21 U.S.C. § 841(c) (1982 ed.), repealed, Pub.L. 98-473, Tit. II, § 224(a)(6), 98 Stat. 2030.  The Sentencing Reform Act of 1984 modified the penalty scheme for federal drug offenders by deleting all references to special parole.  The change reflected Congress' desire to eliminate most forms of parole and to replace them with the new system of supervised release.  Under the Sentencing Reform Act's provisions for supervised release, the sentencing court rather than the Parole Commission oversees the defendant's postconfinement monitoring.  See 18 U.S.C. §§ 3583 and 3601.  The court can terminate, extend, or alter the conditions of the term of supervised release prior to its expiration.  18 U.S.C. § 3583(e).  The question then before this Court is whether the changes are such that a term of years under one punishment scheme is equivalent to the same term under the other scheme.  The major distinction between the old and new law is that the district court rather than the probation office, is responsible for monitoring the defendant after he is released and has increased flexibility for tailoring the sentence to the needs of the individual.  Otherwise, the two sentences are essentially identical.

We would be wasting judicial resources if we were to vacate Smith's sentence and remand his case for what would undoubtedly be

4

the substitution of a three year term of supervised release for the three year term of special parole.  The appropriate remedy in this case is to render an order modifying the sentence.  *See, United States v. Mills,* 9 F.3d 1132 (5th Cir.1993)

## CONCLUSION

We REVERSE the District Court's order denying Smith's Motion, RENDER an order granting the motion and MODIFY Smith's sentence by substituting a three year term of supervised release for the three year term of special parole.