UNITED STATES of America,
Plaintiff–Appellee,

v.

Edward L. PATTEN, M.D.,
Defendant–Appellant.

No. 94–20263
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1994.

Edward L. Patten, M.D., pro se.

James L. Powers, Paula C. Offenhauser, Asst. U.S. Attys., Gaynelle Griffin Jones, U.S. Atty., Appellate Div., Houston, TX, for appellee.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

In this appeal of the district court's denial of a federal prisoner's habeas corpus petition under 28 U.S.C. § 2255, Defendant–Appellant Edward L. Patten raises issues on appeal concerning procedural bar to raising claims in a § 2255 motion that implicates the district court's refusal to grant an evidentiary hearing on his objections to facts set forth in his presentence investigation report (PSR), and failure to declare United States Sentencing Guideline (U.S.S.G.) § 1B1.3 unconstitutional. Patten also continues his insistence that he was denied effective assistance of appellate counsel. For the reasons set forth below, we reject Patten's contentions and affirm the district court's denial of Patten's habeas motion.

I

FACTS AND PROCEEDINGS

Patten was convicted of 89 counts of conspiracy to dispense controlled substances, unlawfully dispensing controlled substances, Medicaid fraud, and obstruction of justice. He was sentenced to a total of 84 months imprisonment, five years supervised release, a $100,000 fine, and a $4,450 special assessment. We affirmed his conviction. *United States v. Patten*, 956 F.2d 266 (Table) (5th Cir. Feb. 21, 1992) (unpublished).

Patten then filed the instant § 2255 motion, arguing that the district court erred by denying his motion for a sentencing hearing and by relying on the information in the PSR

to enhance his sentence; that U.S.S.G. § 1B1.3 is unconstitutional; and that he was denied effective assistance of appellate counsel. The district court denied habeas relief and dismissed the motion, after which Patten timely filed a notice of appeal.

## II

## ANALYSIS

### A. Procedural Bar

A movant is barred from raising jurisdictional and constitutional claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992). No other types of errors may be raised on collateral review unless the movant demonstrates that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* (internal quotations and citation omitted).

#### 1. Nonconstitutional Claims

To the extent that Patten contends that the district court improperly denied his motion for an evidentiary hearing on his objections to the PSR, and improperly relied on the information in the PSR to determine his sentence—claims that clearly are not of constitutional dimension—Patten has not demonstrated that such claims could not have been raised on direct appeal. *See Pierce*, 959 F.2d at 1305. To the extent that Patten has raised such claims in the context of an ineffective assistance of counsel claim, however, they are addressed below.

#### 2. Constitutional Claims

Patten's claim that U.S.S.G. § 1B1.3 is unconstitutional is not procedurally barred. Patten alleges that his appellate counsel was ineffective for failing to raise the constitutional issue on direct appeal. Ineffective assistance of counsel satisfies the cause and prejudice standard. *Pierce*, 959 F.2d at 1301.

Patten argues that § 1B1.3 is unconstitutional because it permits the district court to consider uncharged conduct to determine his base offense level. Although we have not addressed the precise issue raised by Patten, we have held that there is no constitutional violation if the district court includes the full quantity of drugs involved in the conspiracy and not just the quantity of drugs in the count of conviction. *United States v. Williams*, 22 F.3d 580, 582–83 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 367, 130 L.Ed.2d 320 (1994). The Eighth Circuit has held that the consideration of uncharged conduct does not violate a defendant's constitutional rights if the government proves the conduct by a preponderance of the evidence. *United States v. Galloway*, 976 F.2d 414, 422–27 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993); *see also McMillan v. Pennsylvania*, 477 U.S. 79, 84–93, 106 S.Ct. 2411, 2415–20, 91 L.Ed.2d 67 (1986) (Pennsylvania statute that required imposition of a minimum sentence upon finding of a visible weapon by a preponderance of the evidence, even if possession of a weapon is not an element of the offense, does not violate due process); *United States v. Deisch*, 20 F.3d 139, 147 n. 18 (5th Cir.1994) ("mere sentencing factors need not be submitted to the petit jury or proved by a reasonable doubt"). We hold that, in permitting the sentencer to consider uncharged conduct when determining a defendant's base offense level, § 1B1.3 is not unconstitutional.

### B. Ineffective Assistance of Counsel

Patten contends that his appellate counsel provided ineffective assistance by failing to raise several sentencing issues on direct appeal. To establish an ineffective-assistance-of-counsel claim Patten must demonstrate that his counsel's performance was deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Patten argues specifically that his attorney was ineffective for failing to appeal the denial of his motion for a sentencing hearing. After reviewing the PSR and submitting written

objections, Patten requested an evidentiary hearing to challenge the reliability of the information comprising his relevant conduct. In particular, he challenged the reliability of the information regarding uncharged conduct. The district court nevertheless denied the motion.

We review the denial of an evidentiary sentencing hearing for abuse of discretion. *United States v. Henderson*, 19 F.3d 917, 927 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 207, 130 L.Ed.2d 137 (1994). If a defendant is given an opportunity to review the PSR and file formal objections, denial of an evidentiary hearing is not an abuse of discretion. *Id.* Here, Patten received a copy of the PSR and filed extensive objections. Although he challenged the reliability of the information in the PSR, he never provided the district court with any evidence supporting his bald allegations. The district court did not abuse its discretion by denying the motion, *see Henderson*, 19 F.3d at 927; and Patten has not demonstrated *Strickland* prejudice resulting from his appellate counsel's failure to raise the issue on appeal. *See Lockhart v. Fretwell*, —— U.S. ——, ——, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (to establish prejudice Patten must show that counsel's errors were so serious as to render the proceedings unreliable and fundamentally unfair).

Patten contends that his appellate counsel was also ineffective for failing to challenge the district court's reliance on the information in the PSR to determine Patten's guideline range. Generally, the PSR bears sufficient indicia of reliability to permit the district court to rely on it at sentencing. *United States v. Gracia*, 983 F.2d 625, 629 (5th Cir.1993). The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the district court may properly rely on it. *Id.* at 630. The district court is free to disregard the defendant's unsworn statements that the PSR is unreliable. *Id.* at 630 n. 22. As noted, Patten made unsubstantiated allegations that the PSR information was inaccurate but never provided the district court with any competent rebuttal evidence. The Drug Enforcement Administration and a Medicaid fraud investigator were the sources of the information; and, in the absence of rebuttal evidence, the district court did not err in relying on that information. Patten has not demonstrated *Strickland* prejudice. *See Lockhart*, —— U.S. at ——, 113 S.Ct. at 844.

Finally, Patten argues that counsel was ineffective for' failing to argue on appeal that Patten received inadequate notice of the information that the district court intended to rely on to determine his sentence. But Patten received a copy of the PSR, and that is sufficient for purposes of notice. *See United States v. Gaudet*, 966 F.2d 959, 963 (5th Cir.1992) (information in PSR is adequate to give defendant notice), *cert. denied*, —— U.S. ——, 113 S.Ct. 1294, 122 L.Ed.2d 685 (1993). Again, Patten has not demonstrated *Strickland* prejudice. *See Lockhart*, —— U.S. at ——, 113 S.Ct. at 844.

AFFIRMED.