**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHNNIE C. SULLIVAN,

    Defendant,

DOUGLAS J. CARPA,

    Movant - Appellant.

No. 00-8011

(D. Wyoming)

(D.C. No. 99-CR-39-J)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

---

This case is related to <u>United States v. Sullivan</u>, No. 00-8012, in which we

have affirmed in part and reversed and remanded in part      the sentences imposed on

Johnnie Sullivan for willful failure to file tax returns between 1991-93.  After the

jury convicted Mr. Sullivan, but before sentencing, the applicant/appellant in this

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

case, Douglas Carpa, proceeding pro se, filed an application to intervene in the Sullivan case. On February 9, 2000, during the sentencing of Mr. Sullivan, the district court denied Mr. Carpa's motion to intervene. Mr. Carpa appeals that denial.

Through an organization called The Pilot Connection Society, Mr. Carpa marketed trust packages to individuals which, Mr. Carpa claimed, enabled the individuals to avoid all tax liability. Mr. Sullivan bought one of these trust packages and stopped paying income tax. Mr. Carpa was the trustee of the trusts so formed and Mr. Sullivan was the trust manager. Mr. Sullivan was subsequently convicted of failure to file tax returns for the years 1991-93. At his sentencing, Mr. Carpa sought to intervene, claiming a right to protect the trust property of which he was trustee from seizure by the IRS. The district court denied his application.

Mr. Carpa appeals, arguing the court erred in denying his motion to intervene under Fed. R. Civ. P. 24(a) because: (1) he has a "well-settled right under trust law to defend the trusts under attack"; and (2) his rights under certain treaties, including the Inter-American Convention Against Corruption, and under the Supremacy Clause have been violated. Appellant's Br. at 6. The government responds that: (1) Mr. Carpa had no right to intervene in the criminal case against Mr. Sullivan because the Federal Rules of Civil Procedure upon which he relies

convey no right to intervene in a criminal case; (2) Mr. Carpa may not represent the trusts in federal court because he is not an attorney and the interests he purports to represent are not personal to him; (3) any interest he has in protecting the trusts is not ripe because the IRS has not commenced any action against trust property; and (4) even if he were permitted to intervene, the Anti-Injunction Act bars Mr. Carpa's attempt to seek injunctive relief from any IRS attempts to seize trust property.

We agree with the government that Mr. Carpa had no right to intervene in Mr. Sullivan's criminal case. Fed. R. Civ. P. 24(a) does not apply to a criminal case. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam); Harrelson v. United States, 967 F. Supp. 909, 912 (W.D. Tex. 1997); United States v. Adamita, 708 F. Supp. 603, 604 (S.D.N.Y. 1989). Moreover, he attempted to intervene in a criminal action against Mr. Sullivan for Mr. Sullivan's failure to file income tax returns. Mr. Carpa has no standing to object to Mr. Sullivan's conviction or sentence as such. To the extent he claims he seeks to protect his trust property from seizure by the IRS as part of Mr. Sullivan's obligation to repay his tax obligation, we agree with the government that any interest Mr. Carpa has in defending trust property against IRS seizure is premature and unripe, since he presents no evidence that any trust property is being or has been seized.

We AFFIRM the district court's denial of Mr. Carpa's application to intervene.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge